**Alex Boon, OSB #195761**
alex@nwjp.org
**Corinna Spencer-Scheurich, OSB # 130147**
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (502) 946-3029

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **KHATYUSKA RANGEL**, **ELOY MENDOZA** and **TATIANA ANDRADE**, *individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>**P&P Exponelli LLC**, *a Florida limited liability corporation*, doing business as **WEGET2U**.<br><br>Defendant. | Civil No.: 3:23-cv-00591<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws, Oregon Unlawful Employment Practices<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Eloy Mendoza, Khatyuska Rangel, and Tatiana Andrade allege as follows:

**I. INTRODUCTION**

1.     Khatyuska Rangel, Eloy Mendoza, and Tatiana Andrade ("Plaintiffs") bring this action against employer P&P Exponelli LLC, d.b.a. WEGET2U ("Defendant"), under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiffs seek

COMPLAINT–1

overtime wages due to them under 29 U.S.C. § 207 and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2.      Plaintiffs also seek unpaid wages and penalty damages for violations of Oregon wage and hour laws under O.R.S. §§ 652.140, 652.150, 652.200, 653.261 and 653.055.

3.      Plaintiffs Mendoza and Rangel also seek damages for employment discrimination and retaliatory termination under 29 U.S.C. §§ 215(a)(3) and 216(b), and O.R.S. §§ 652.355, 653.060, 659A.199, and 659A.885 for exercise of their rights under FLSA and Oregon law.

## II. JURISDICTION

4.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

6.      Plaintiffs Khatyuska Rangel and Eloy Mendoza are natural persons who reside in Washington County, Oregon.

7.      Plaintiff Tatiana Andrade is a natural person who resides in Marion County, Oregon.

8.      Defendant P&P Exponelli LLC is a Florida limited liability company registered in the State of Florida. According to the Florida Secretary of State, its principal place of business is

4931 NW Front Ave, Portland, Oregon 97210, in Multnomah County.

9.    P&P Exponelli LLC does business under the name WEGET2U. WEGET2U is P&P Exponelli's service mark.

## IV. FACTS

10.    P&P Exponelli LLC ships and receives goods between Brazil and the United States.

11.    Under the name WEGET2U, P&P Exponelli provides self-storage, warehousing, and freight services for others under that name.

12.    Paulo Amaral Neto is a member of P&P Exponelli, LLC, and is authorized to manage the operations of P&P Exponelli, LLC.

13.    Plaintiffs Khatyuska Rangel, Eloy Mendoza, and Tatiana Andrade were employed to perform labor for P &P Exponelli, LLC, at its warehouse in Portland, Oregon

14.    Plaintiffs were responsible for receiving goods at Defendant's warehouse in Portland, and for preparing them for shipment.

15.    Defendant employed Plaintiffs to ship, receive, and process packages that were sent from Portland to Brazil, or from Brazil to Portland.

16.    Most if not all of the packages that Plaintiffs handled for Defendant, were either received from Brazil and then sent to a final destination in the United States, or were sent to Brazil.

17.    During each workweek during the course of Plaintiffs' employment with P&P Exponelli LLC, Plaintiffs were each employed in interstate commerce, or in the production of goods for interstate commerce, or were employed by an enterprise engaged in commerce.

18.    Defendant employed Plaintiff Khatyuska Rangel as a warehouse worker in

COMPLAINT–3

Portland, Oregon, from on or around August 2, 2021, until on around May 5, 2022, when her employment was terminated.

19.     Defendant employed Plaintiff Eloy Mendoza as a warehouse worker, from on or around October 25, 2021, until on or around May 5, 2022, when her employment was terminated.

20.     Defendant employed Plaintiff Tatiana Andrade as a warehouse worker from on or around May 2021, to on around July 5, 2022.

21.     Plaintiffs each received an hourly wage for their work.

22.     Each Plaintiff's hourly rate of pay throughout their employment with Defendant was $16.00 per hour.

23.     Defendant did not compensate Plaintiffs at an overtime rate for any hours that they worked in excess of 40 in a work week.

24.     Starting in around February 2022, Plaintiff Mendoza typically worked 12 hours on Monday through Friday, and he often worked on Saturdays and Sundays as well.

25.     Starting in around February 2022, Plaintiff Rangel typically worked 12 hours on Monday through Friday, and she often worked on Saturdays as well.

26.     Plaintiff Andrade typically worked 10 hours on Monday through Friday, and she occasionally worked on Saturdays as well.

27.     Among other weeks, during the two-week pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022, Plaintiff Mendoza worked approximately 99 hours, including approximately 19 hours of overtime.

28.     For his work during that pay period, Plaintiff Mendoza received approximately $1,584 in wages at an hourly rate of $16 per hour.

COMPLAINT–4

29.     Including overtime premiums, Plaintiff Mendoza was entitled to approximately $1,736 in wages for the pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022.

30.     Among other weeks, during the two-week pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022, Plaintiff Rangel worked approximately 99 hours, including approximately 19 hours of overtime.

31.     For her work during that pay period, Plaintiff Rangel received approximately $1,584 in wages at an hourly rate of $16 per hour.

32.     Including overtime premiums, Plaintiff Rangel was entitled to approximately $1,736 in wages for the pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022.

33.     Among other weeks, during the two-week pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022, Plaintiff Andrade worked approximately 95 hours, including approximately 15 hours of overtime.

34.     For her work during that pay period, Plaintiff Andrade received approximately $1,520 in wages at an hourly rate of $16 per hour.

35.     Including overtime premiums, Plaintiff Andrade was entitled to approximately $1,640 in wages for the pay period beginning on Sunday, November 7, 2022, and ending on Saturday, November 20, 2022.

36.     During their employment with Defendant, Plaintiffs Mendoza and Rangel were paid with business account checks from Paulo Amaral.

37.     Adriana Govea worked as Plaintiffs' supervisor, for P&P Exponelli.

38.     In around February 2022, Ms. Govea told the employees at P&P Exponelli's

Portland location that they had to work longer hours than they had previously worked.

39.    Ms. Govea explained to P&P Exponelli's Portland warehouse workers that going forward they had to work 12-hour shifts Monday through Friday, and 8 hours on Saturday.

40.    Some of the employees tried to ask questions, Ms. Govea responded by instructing the workers that they were not to ask questions, and the new schedule was an order that had to be followed.

41.    In around March 2022, Plaintiffs Mendoza and Rangel met with their coworkers to discuss the unfair schedule.

42.    Plaintiffs Rangel and Mendoza then approached Ms. Govea and complained to Ms. Govea that they and their co-workers were not compensated an overtime premium.

43.    Ms. Govea responded that P&P Exponelli was a Brazilian company that operated by Brazilian laws, meaning Plaintiffs would not receive overtime compensation.

44.    Defendant's failure to pay Plaintiffs the federal and Oregon overtime premiums for all hours worked over 40 was willful.

45.    In early April 2022, Plaintiff Rangel noticed that she and Plaintiff Mendoza were not being paid their full regular wages. Plaintiffs Rangel and Mendoza were missing 20 minutes of their wages each day because Defendants subtracted an hour for lunch. However, Plaintiffs Mendoza and Rangel only took a 40-minute lunch.

46.    On April 6, 2022, Plaintiff Rangel spoke with Ms. Govea about her missing wages, but Ms. Govea refused to talk about the situation.

47.    Towards the latter half of Plaintiffs' employment with Defendants, Rogerio Peixato became the person in charge of operations at the Portland warehouse.

48.    After Plaintiff Rangel's conversation with Ms. Govea about her missing wages,

Plaintiff Rangel messaged Mr. Peixato about the missing wages.

49.    On around April 10, 2022, Mr. Peixato instructed Plaintiffs Mendoza and Rangel that they were not to return to work until Defendant instructed them otherwise.

50.    Plaintiff Rangel asked Mr. Peixato if Plaintiffs Mendoza and Rangel had been fired, and he explained that they had not been, and asked that they wait for further contact from Defendant.

51.    Mr. Peixato did not call Mr. Mendoza or Ms. Rangel.

52.    On or around May 5, 2022, Mr. Peixato sent a message to Plaintiff Rangel, in which he communicated to Ms. Rangel that Defendant had terminated its employment relationship with Plaintiffs Rangel and Mendoza.

53.    Defendant terminated its employment relationship with Plaintiffs Rangel and Mendoza on or around May 5, 2022.

54.    On around July 1, 2022, Plaintiffs Mendoza and Rangel, through their attorney, sent Defendants a letter complaining of violations of state and federal wage and hour law and requesting payment of the wages.

55.    On around September 27, 2022, Plaintiff Andrade, through her attorney, sent Defendant a letter requesting payment of her unpaid wages.

56.    To date, Defendant has failed to pay Plaintiffs all their wages.

57.    As a result of Defendant's conduct as alleged herein, Plaintiffs suffered lost wages, emotional distress, anxiety, and pain and suffering.

58.    Defendants did not promptly pay Plaintiffs their wages after their termination.

59.    Defendants' nonpayment of wages upon termination was willful.

## V. CLAIMS FOR RELIEF

### First Claim—Violation of Federal Labor Standard Act (FLSA)

60.     Defendant violated 29 U.S.C. § 207 when it failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

61.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover overtime wages, additional equal amounts as liquidated damages, attorney fees, and costs.

### Second Claim – Violation of Oregon Overtime Laws

62.     Defendant failed to pay Plaintiffs at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261(1) and its implementing regulations.

63.     Oregon Administrative Rule OAR 839-020-0030(1) provides that all work performed in excess of forty hours per week must be paid at one and one-half of the regular rate of pay.

64.     Under O.R.S. § 653.055, Plaintiffs are entitled to recover their unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs.

### Third Claim – Violation of Oregon Timely Payment of Wages Law

65.     Defendant failed to pay Plaintiffs all their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

66.     Defendant's failure to pay Plaintiffs all their wages upon termination of employment was willful.

67.     Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times their hourly wage rate, plus reasonable attorney's fees and costs, for Defendants' failure to pay Plaintiffs' wages upon termination.

### Fourth Claim – Violation of FLSA's Retaliation Protections

68.    Plaintiffs Mendoza and Rangel made complaints under or related to their rights under FLSA when they complained about not being paid overtime wages.

69.    Defendant violated 29 U.S.C. § 215(a)(3) by terminating Plaintiffs Mendoza and Rangel because they complained of a violation of their FLSA rights.

70.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs Mendoza and Rangel are entitled to such legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3), including without limitation the payment of wages lost, an additional equal amount as liquidated damages, compensatory damages, and reasonable attorney fees and costs.

### Fifth Claim – Violation of Oregon Wage Claim Retaliation Protections

71.    Plaintiffs Mendoza and Rangel made a wage claim when they complained about not being paid overtime wages and for extra time deducted for lunches.

72.    Defendants violated O.R.S. § 652.355 by terminating Plaintiffs Mendoza and Rangel because they made a wage claim.

73.    Plaintiffs are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purposes of O.R.S. § 652.355, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

### Sixth Claim – Violation of Oregon Wage and Hour Retaliation Protections

74.    Plaintiffs Mendoza and Rangel inquired about their rights and/or reported or complained about a violation of their overtime rights when they complained about not being paid overtime wages and for extra time deducted for lunches.

COMPLAINT–9

75.    Defendants violated O.R.S. § 653.060 by terminating Plaintiffs Mendoza and Rangel because they inquired, reported, or complained about a violation of their wage and hour rights.

76.    Plaintiffs Mendoza and Rangel are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purposes of O.R.S. § 653.060, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

### Seventh Claim – Violation of Oregon Whistleblower Protections

77.    Plaintiffs Mendoza and Rangel in good faith reported information they believed was a violation of state or federal law, rule, or regulation when they complained to Defendants about not receiving overtime premiums and to pay their wages for time not taken for lunches.

78.    Defendants violated O.R.S. § 659A.199 by terminating Plaintiffs Mendoza and Rangel because they reported information in good faith that they believed was a violation of a state or federal law, rule or regulation.

79.    Plaintiffs are entitled, under O.R.S. § 659A.885, to such legal or equitable relief as may be appropriate to effectuate the purpose of O.R.S. § 659A.199, including, without limitation, compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to back pay and reasonable attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.      Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b).

2.      Award Plaintiffs their unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261, and its implementing regulation, OAR 839-020-0030.

3.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

4.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 652.140, for failure to pay wages timely;

5.      Award Plaintiffs such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. 215(a)(3), including, without limitation, the payment of wages lost and an additional, equal amount as liquidated damages, and compensatory damages;

6.      Award Plaintiffs compensatory or statutory damages, injunctive relief, and any other equitable relief as the Court finds appropriate to compensate them for unlawful discrimination pursuant to O.R.S. §659A.885;

7.      Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 652.150, 652.200, 653.055, and 659A.885;

8.      Award Plaintiffs pre-judgment interest on sums due under state law claims and post-judgment interest on all claims; and

9.      Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 20th day of April, 2023.


/s/ Alex Boon_____
**Alex Boon, OSB #195761**
alex@nwjp.org
Northwest Workers' Justice Project
310 SW Fourth Ave., Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (502) 946-3029